UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HALE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CAUSE NO. |
| MUNCIE COMMUNITY SCHOOL CORPORATION, | ) ) ) |
| Defendant. | ) |

1:03-CV-1734 RLY - WTL

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Robert Hale ("Hale"), by counsel, brings this action pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq. and Indiana common law against Defendant, Muncie Community School Corporation ("Defendant").

### II. PARTIES

2. Hale is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation which maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367 and 29 U.S.C. §2617(a)(2).

5. Plaintiff's state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4).

7. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Hale commenced his employment with Defendant on or about June 1, 2000 as a custodian.

10. In or about January 2003, Hale injured his back while working for Defendant.

11. Hale appropriately filed for Worker's Compensation benefits.

12. On or about May 29, 2003, Hale notified Defendant of his need to take FMLA leave due to a serious health condition that made him unable to perform the essential functions of his position. Hale's request was approved for May 29, 2003 through June 30, 2003.

13. On or about June 26, 2003, Hale notified Defendant that he needed to extend his FMLA leave through July 31, 2003. On or about July 10, 2003, Defendant issued written approval for Hale's request.

14. On or about July 10, 2003, Defendant informed Hale that his employment was terminated effective July 31, 2003.

## IV. LEGAL ALLEGATIONS

### COUNT I: VIOLATION OF THE FMLA

15. Hale hereby incorporates paragraphs one (1) through fourteen (14) of his Complaint.

16. Defendant unlawfully interfered with Hales's rights under the FMLA by failing to restore him to his position after his leave.

17. Defendant's actions were intentional, willful and in reckless disregard of Hale's rights as protected by the FMLA.

18. Hale suffered damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF INDIANA COMMON LAW

19. Hale hereby incorporates paragraphs one (1) through eighteen (18) of his Complaint.

20. Defendant terminated Hale's employment in retaliation for filing a claim for worker's compensation.

21. Hale suffered damages as a result of Defendant's unlawful actions.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff, Robert Hale, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Reinstate Hale to the position, salary, and seniority level he would have enjoyed, but for Defendant's unlawful actions, or award Hale front pay in lieu thereof;

4. Punitive damages;

5. Liquidated damages;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

John H. Haskin (#7576-49)

Andrew Dutkanych III (23551-49)

HASKIN LAUTER & LaRue
255 North Alabama Street
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Robert Hale, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

John H. Haskin (#7576-49)
Andrew Dutkanych III (23551-49)

HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
*Attorneys for Plaintiff*